ISAAC AMENT, Doing Business under the Firm Name and Style of I. AMENT Co., Respondent, *v.* FANIS ZAHARION and Others, Doing Business under the Firm Name and Style of GREAT GREECE CONTRACTING COMPANY, Defendants. STEPHEN COUFOS, Appellant.

First Department, July 6, 1923.

Sales — conditional sale — contract by partnership as vendee must be filed in appropriate clerk's office in each county in which partners reside — foreclosure and lien — Personal Property Law, § 44, relating to bulk sales does not protect conditional vendor as such — bona fide purchaser of property entitled to be made party defendant where vendee is insolvent and has no interest to defend.

A conditional sale contract executed by a partnership as vendee must be filed under section 62 of the Personal Property Law in the proper clerk's office of the several counties in which the several conditional vendees reside in order to preserve the title of the conditional vendor.

In an action to foreclose a conditional vendor's lien. section 44 of the Personal Property Law relating to bulk sales of goods does not protect the conditional vendor of the property as such, and a *bona fide* purchaser of the property from the vendee is entitled to be made a party defendant where the vendee is insolvent and has no interest to defend the action.

APPEAL by Stephen Coufos from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 3d day of May, 1923, denying his motion to be made a party defendant, and also from an order entered in said clerk's office on the 21st day of May, 1923, denying his motion for a reargument of said motion.

*Arthur Carter Hume,* for the appellant.

*Isidor Cohn,* for the respondent.

SMITH, J.:

Plaintiff brings this action to foreclose a lien, which he claims to have had by reason of the conditional sale of the property in question from the plaintiff to the Greece Contracting Company. The Greece Contracting Company was a copartnership consisting

of three members, two of the members of the said firm residing in the borough of The Bronx, and the third residing in the borough of Kings. The conditional sale contract was filed in the borough of The Bronx and in the county of Westchester, but was not filed in the borough of Kings, where one of the partners resided.

Stephen Coufos, the appellant, swears that he was a purchaser of said property for value from the Greece Contracting Company, and that since his purchase the Greece Contracting Company has gone into bankruptcy, and has no interest to defend this action.

It seems to be settled law that in order to preserve the title of the conditional vendor under section 62 of the Personal Property Law (as amd. by Laws of 1920, chap. 635),* the contract must be filed in the proper clerk's office of the several counties in which the several conditional vendees resided. This has been held in an analogous case applying to a chattel mortgage, in the case of *Bueb* v. *Geraty* (28 Misc. Rep. 134), in which the Appellate Term, through Mr. Justice LEVENTRITT writing the opinion, stated: " ' A chattel mortgage executed by a firm upon firm property, is void, under the New York statute, as against creditors, subsequent purchasers, and mortgagees in good faith, unless filed in the city or town where the individual members of the firm severally reside.' " The same rule has been held in the United States Supreme Court in construing the New York statute in *Stewart* v. *Platt* (101 U. S. 731, 737). In the case of *Du Pont de Nemours Powder Company* v. *Jones Brothers* (200 Fed. Rep. 638) the Ohio statute, substantially similar to our own, was construed, in which it was held that the conditional bill of sale must be filed in all of the counties where the different partners resided.

The respondent to sustain this order relies in part upon section 44 of the Personal Property Law (as amd. by Laws of 1914, chap. 507), treating of the transfer of goods in bulk, which makes such a transfer void as against the creditors, the transferors, or assignors of said property, except under certain conditions therein specified. The appellant has not sought to negative the existence of those conditions and has made no reference to the circumstances under which the property was sold by the Greece Contracting Company to him. In my judgment section 44 does not protect a conditional vendor of the property, as such, and he cannot foreclose his lien under conditional contract. If he seeks protection as a creditor of the transferor it is very clear that the appellant is entitled to be made a party to the action, but no such claim is made in the complaint, and cannot here be considered.

---

* Former art. 4, §§ 60–67, repealed and new art. 4 added by Laws of **1922, chap. 642.**— [REP.

The appellant has paid full value for this property to the Greece Contracting Company, in good faith and without knowledge of the plaintiff's claim. The Greece Contracting Company, being insolvent, has little interest to defend the action and the appellant is the only one who is interested to protect his title for which he has paid full value, and should properly be made a party defendant in the action.

The order denying appellant's motion to be made a party defendant should be reversed, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs, and the appeal from the order denying motion for reargument dismissed.

CLARKE, P. J., MERRELL, McAVOY and MARTIN, JJ., concur.

Order of May 3, 1923, reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs, and appeal from order of May 21, 1923, dismissed.